Chief Justice Robertson',
delivered the opinion of the court.
In this case, the circuit court having dismissed the bill of the appellants absolutely, this court reversed the decree, because, as the proper parties had not been made to the suit, the bill should only have "been dismissed without prejudice; and therefore, ’.he cause was remanded, with'instructions, either to dismiss the bill without prejudice, or to allow reasonable time to make ‘he proper parties, as the court in its disc retion should deem proper.
On the return of the cause to the circuit court, the "appellants offered t© make the proper panics, and .made an affidavit, suggesting the reasons why the case had not been properly prepared prior to tne decree which ., . ,1, i J r i i , j¡ ii i • jtías court had reversed; but the appellees objecting to further indulgence, fee court dismissed the bill without .prejudice; and to reverse that decree, this appeal is prosecuted.
it may be doubted whether such a decree as the one mow complained of, should, in any case, be reversed. The circuit court might have dismissed the bill without prejudice, when it was dismissed absolutely, and then the appellants would have had no just cause lor complaining. When a bill had been dismissed absolutely, which ought to have been dismissed without prejudice, the practice of our perdecessors was to direct the circuit court peremptorily to dismiss without prejudice. We have moditied this practico, and in doing so, we ■were, ás we thkik, sustained by policy and justice, and by the practice of other courts, and especially by that of the supreme tribunal of the union.
But when, according to the practice which we have established, an absolute decree has been reversed for want of proper parties, and the mandate of this court allows to the circuit court the same discretion which it might properly have exercised when the erroneous decree was rendered, it has the same right to dismiss without prejudice, as that which it had when the first decree *648 was pronounced. And if, in any case, this coiut may control that discretion, after allowing it to be exercised, the circumstances mu --t be so extraordinary,as to shew a wanton and flagrant perversion of dberetionary power, to the injury of the complaining party. Such abuse lms not been shewn in this case.
Depew and Crittenden, for appellants.
Wherefore, the decree of the circuit court is af firmed.